THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL M. GARCÍA, Defendant and Appellant.

No. 5453. Argued November 21, 1934.—Decided November 23, 1934

*Angel M. Villamil* for appellant.   *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Rafael M. García was found guilty of a violation of section 18 of the law to regulate the use of motor vehicles in Puerto Rico (Act No. 75, Session Laws of 1916, p. 143, amended in 1926) which imposes a penal sanction on any person, firm, association or corporation who by itself or by its agents, transports in heavy duty motor vehicles or in commercial vehicles a larger load than that authorized by law.

It is alleged that a truck, the property of the defendant, while riding on Road No. 3, kilometer 128, hectometer 9, was carrying a cast iron roller of a sugar cane mill, 34½ inches in diameter and 78 inches in length, with grooves one inch apart; and tipped to a steel axle of standard size 19 inches in diameter by 14 inches in length, of the weight of 268 quintals, as per verification and certificate of the machanical engineers employed by Sucesores de Abarca, which certificate is herein included as evidence. It is added that said truck was carrying an excess weight of 168 quintals, which is contrary to the said existing automobile law.

██ The defendant assigns to the lower court the error of having rendered a judgment contrary to the evidence and to the law. The appellant is of opinion that the facts alleged in the complaint have not been established by the evidence. Witness Antonio Ortiz, caretaker of roads, testified that the truck was carrying as load a cast iron roller of a mill; that he measured the said roller with a tape measure and that it was 34½ inches in diameter by 71 inches in length and that the axle to which the roller was tipped was 19 inches in diameter by 14 inches in length. He added that said measurements were sent to the Department; that the truck was authorized to carry one hundred quintals, that the truck also weighed one hundred quintals and that both together should weigh two hundred quintals. At this time the district attorney offered in evidence a letter addressed to Hon. Manuel Egozcue which is signed by Sucesores de Abarca. The defense objected to the admissibility of this letter where it reads that the weight of a cast iron roller for a sugar mill of 34½ inches in diameter by 78 inches in length, with grooves one inch apart, and tipped to a steel axle or standard size, which would be 19 inches in diameter by 14 inches in total length is of 26,800 pounds. The defense objected to the letter on the grounds that the document was inadmissible among other reasons, because it was a firm testifying through a letter without the defendant having have

had an opportunity to cross-examine it, and because it does not appear from that letter that the roller described in it was the one that the truck in question was carrying. There does not appear a ruling of the court admitting or rejecting that evidence.

The witness went on testifying in regard to his experience and knowledge to assert that the roller in question weighed more than ten tons, and he stated that for over twelve years the sugar mills have been requesting permission to transport rollers of this nature, of more than ten tons in weight, and that through the experience he has acquired in the care of roads he knows that that roller weighed more than ten tons. Witness Manuel Velázquez merely stated that the truck was authorized to carry one hundred quintals; that he did not see this roller being weighed, and that whatever he knows he does not know because he saw it, but from information he has heard. José Méndez Cardona, general inspector of roads, testified that he measured personally the roller, that he is very experienced in regard to the weight thereof because he works exactly at that in his office, granting permissions to transport in the island loads which exceed the weight permitted. He added that, in his opinion, the roller weighed more than ten tons and that he bases his opinion on the fact that he has been the manager of several centrals, of the Plazuela Sugar Co., and that he knows the weight of a seven ton roller and that the one in question was of a weight of more than seven tons; that he can approximately estimate the weight, but that the exact data is furnished by the smelting company, which is the one that regularly does it and which is the accurate thing; that in his opinion that roller weighed over ten tons; that they took a measuring tape from his car and measured the diameter of the axle and of the roller, and the length of the roller's axle, and that they sent those measurements to Abarca Co. that they would provide them with the weight of a roller of that nature; that he did not weight the roller and that what he is testifying

he says it by deduction. Upon questions by the judge the witness testified that he thinks that, in accordance with the measurements, the roller weighed more than ten tons, but that he cannot say the exact weight, that he is positive that because of its dimensions the roller weighed over ten tons.

There is no doubt that the letter signed by Sucesores de Abarca can not be taken into consideration because that document is clearly inadmissible in evidence in the manner it was offered, and furthermore because it does not appear from the record that it had been admitted and that the lower court considered it in rendering its judgment. Setting aside that document, we should circumscribe ourselves solely to the testimony of the witnesses in order to decide if under the evidence offered a judgment of conviction could be rendered. Antonio Ortiz is the witness that seems to testify with more emphasis in respect to the weight of the load that was being carried by the truck. This witness, who measured the cast iron roller, bases his testimony on the experience acquired during twelve years he has worked in the conservation of roads, during which time all the centrals have been requesting permission to carry rollers of this nature, of more than ten tons. Ortiz does not take as grounds for his testimony the measurements of the roller that he took in order to determine its weight according to said measurement, but he bases it on his experience as caretaker of roads. The assertions of the witness are not the result of an exact mathematical calculation from the measurements. Ortiz did not testify that a roller of so many inches in diameter and so many inches in length is of a given weight. The witness did not show that he had sufficient knowledge to make these calculations. This evidence, which could have been introduced, was not offered by any of the witnesses of the prosecution. None of these witnesses showed that he had knowledge and ability to determine the weight from the measurements. On the contrary, said

644

measurements were sent to Sucesores de Abarca that they would determine the weight of the load.

The fact complained of took place on June 21, 1933, and the complaint filed on July 7 of that same year, when the complainant, who is witness Ortiz himself, had already secured the document signed by Sucesores de Abarca, which was attached to the complaint and offered in evidence, where it speaks of a certain cast iron roller and of its weight in accordance with the measurements.

Witness José Méndez Cardona, general inspector of roads, also testified that he is experienced, but he made no calculations to determine the weight nor did he show that he was capable of ascertaining it on the basis of the measurements taken. He is the witness who stated that the measurements were remitted to Sucesores de Abarca to obtain the weight of a roller of that nature.

The evidence introduced is, in our opinion, insufficient to warrant a judgment of conviction.

The judgment appealed from should be reversed and the defendant acquitted.